UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD WILSON,

    Plaintiff,

v.                                Case No. 3:12cv563/LC/CJK

TERRY COKONOUGHER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 26). Upon review of the second amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former inmate, was confined at the Federal Prison Camp in Pensacola, Florida ("FPC Pensacola") during the events underlying the complaint. Plaintiff names four defendants in this action: Psychologist Marlo Walters, Case Manager Terry Cokonougher, Instructor S. Merriweather, and Instructor. H. Hornsby. The following allegations are gleaned from the four corners of the current amended complaint. On January 15, 2011, plaintiff presented a relocation form to Terry

Cokonougher and asked if it was "ok" if he indicated that his prospective landlord was a "friend in the space provided for the relationship." Terry Cokonougher told plaintiff that it was "ok" to mark his landlord as a "friend" on the form. Two months later, plaintiff met with defendants Cokonougher, Walters, Merriweather, and Hornsby concerning his relationship with the landlord. Defendant Cokonougher asked plaintiff if he knew the landlord, Arthur King, before he was arrested. Plaintiff replied that he did not. Instructor Merriweather then accused plaintiff of lying about his relationship with the landlord. In response, plaintiff told Merriweather that Cokonougher had said it was "ok" to mark the landlord as a friend. Cokonougher did not indicate to the group that she had told plaintiff it was "ok" to mark the landlord as his friend. As a result, plaintiff lost his accrued gain time and his release date was moved back a year.[1]

Plaintiff alleges violations of his due process rights. In relief, plaintiff requests compensatory damages in the amount of $35,000 and punitive damages in the amount of $200,000.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss a civil rights complaint if the complaint: 1) is frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal

---

[1] According to plaintiff, he was eligible for early release due to his participation in the Residential Drug Abuse Program ("RDAP").

Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

The facts as presented in plaintiff's complaint fail to support a viable claim for relief under § 1983 as to the named defendants. In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

*Case No: 3:12cv563/LCCJK*

Due Process Claims

In *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty interest that invokes procedural protections. *Sandin v. Conner*, 515 U.S. at 487. "It is well established that inmates have absolutely no constitutional right to, or other protected liberty interest in, either participating in RDAP or receiving a sentence reduction for completing such a program." *Santiago-Lebron v. Florida Parole Com'm*, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011) (citing *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) ("A prisoner has no 'constitutional or inherent right' in being released before the completion of a valid sentence.'")). As a result, "[t]he loss of the mere opportunity to be considered for discretionary early release is . . . too speculative to constitute a deprivation of constitutional protected liberty interest." *Id.* Accordingly, plaintiff cannot state a due process claim.

Compensatory and Punitive Damages

Additionally, as previously cautioned in the court's amend order, plaintiff's compensatory and punitive damages claims are barred by statute. The Prison Litigation Reform Act ("PLRA") provides, "[n]o Federal civil action may be brought

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's complaint that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's damages claims are based on the mental and emotional injury plaintiff suffered as a result of losing his early release, and/or the fact of the alleged constitutional deprivation itself (divorced from any mental or emotional injury plaintiff suffered). Plaintiff alleges no physical injuries. Plaintiff is prohibited under the PLRA from bringing his compensatory and punitive damages claims. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). The only damages plaintiff will be able to recover are nominal ones (ordinarily $1.00). Because plaintiff seeks only compensatory and punitive damages against the defendants, he cannot recover the relief he seeks and his claims should be dismissed.

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 25th day of June, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).